## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DANIELLE BOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. _____** |
| **WALMART STORES, INC.,** | ) | |
| **SECURITY FORCES, INC.,** | ) | |
| **KELLON GRAY, CHARLES MILSAP,** | ) | |
| **and UNIDENTIFIED WALMART** | ) | |
| **MANAGER(S),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, Danielle Boyd by and through her undersigned counsel of record (hereinafter "Plaintiff"), and, in accordance with the Federal Rules of Civil Procedure, files this complaint against the Defendants named herein for sexual discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., and states as follows:

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is proper under 28 U.S.C. § 1331.  Venue is proper in this Court pursuant to 28 U.S.C. §  1391.

2.

All of the actions constituting sexual harassment and retaliation as alleged herein were committed in Fulton County and within the Atlanta Division of the Northern District of Georgia.

3.

At all times relevant to this action, Walmart Stores, Inc. ("Walmart Stores") was a corporation authorized and conducting business in Fulton County which is situated within the Atlanta Division of the United States District Court for the Northern District of Georgia.  Walmart Stores can be served with process through its registered agent  Corporation Process  Company, 2180 Satellite Blvd, Suite 400, Duluth Georgia 30097.

4.

At all times relevant to this action, Security Forces, Inc. ("Security Forces") was a corporation authorized and conducting business in Dekalb County which is situated within the Atlanta Division of the United States District Court for the Northern District of  Georgia. Security Forces  can be served with process through its  registered  agent  C  T  Corporation  System,  1201  Peachtree  Street,  Atlanta, Georgia 30361.

5.

At all times relevant to this action, Kellon Gray was employed by Walmart Stores in Fulton County which is situated within the Atlanta Division of the United States District Court for the Northern District of Georgia. Defendant Gray can be served at 2060 Registry Drive, Hampton, Clayton County, Georgia 30228.

6.

At all times relevant to this action Charles Milsap was employed by Security Forces in Dekalb County which is situated within the Atlanta Division of the United States District Court for the Northern District of Georgia. Defendant Milsap can be served at 433 Two Iron Trial, NW, Kennesaw, Georgia 30144.

7.

At all times relevant to this action, unidentified employees of Walmart Stores who supervised Defendant Gray were employed in Fulton County which is situated within the Atlanta Division of the United States District Court for the Northern District of Georgia. Walmart Store management staff can be served with process at 4735 Jonesboro Road, Union City, Georgia 30291.

## FACTUAL BACKGROUND

8.

On or about March 1, 2011, Plaintiff was hired by Defendant Security Forces as a security officer.   When she was hired, Plaintiff informed Security Forces that she has Lupus.

9.

Defendant Security Forces assigned Plaintiff to the Walmart store operated by Defendant Walmart Stores and located at 4735 Jonesboro Road in Union City, Georgia (the "Walmart").

10.

Defendant Gray was employed at the Walmart as a Loss Prevention Officer.

11.

Walmart was experiencing thefts by certain shoplifters with a particular pattern and method.

12.

In anticipation of the shoplifters again striking and because Defendant Gray was not assigned a radio, Plaintiff and Defendant Gray coordinated and exchanged cellular phone numbers in order for Plaintiff to immediately advise Defendant Gray when the suspects were back in the store.

13.

On occasion Plaintiff would use her daughter's cell phone when her cell phone was inoperable. Plaintiff provided to Defendant Gray her daughter's cell phone number as well as her own.

14.

On or about July 20, 2011, and while Defendant Gray was not on duty, Plaintiff was on duty and was instrumental in the apprehension of the shoplifting suspects.

15.

When Defendant Gray came in to work later that day, he slapped Plaintiff on her backside and said "good job."  Plaintiff asked him not to do that.

16.

Defendant Gray began to use Plaintiff's personal cellular phone numbers in order to send to Plaintiff pictures of his penis along with messages that he wanted Plaintiff to "ride his penis". Plaintiff's daughter also received these messages.

17.

When Plaintiff asked Defendant Gray why he would send such messages, Defendant Gray replied that he was "just kidding."

18.

Plaintiff informed Defendant Gray that she was going to report his behavior to a manager. At that time, and in order to threaten Plaintiff, Defendant Gray pulled out his gun and said he had it "for protection."

19.

On or about August 25, 2011, Plaintiff filed an incident report with Defendant Security Forces and thereby formally complained about Defendant Gray to Security Forces and her immediate supervisor Defendant Charles Milsap.

20.

Defendant Milsap and Defendant Security Forces took no action.

21.

Plaintiff told unidentified managers employed at the Walmart Stores about the actions of its employee Defendant Gray.

22.

Defendant Walmart Stores and its employees took no action.

23.

After no action being taken by either Defendant Walmart Stores or Defendant Security Forces, Plaintiff then swore out an Affidavit with the Municipal Court of Union City, Georgia and filed a Petition for Stalking against Defendant Gray. In Court, Defendant Gray admitted to sending the text messages.

24.

On or about September 23, 2011, Defendant Gray was arrested in court and the Superior Court of Clayton County issued a "Stalking Ex Parte Temporary Protective Order" thereby ordering Defendant Gray to: (1) not harass and/ or intimidate the Plaintiff and/or her family; (2) stay 100 yards away from the

Plaintiff and (3) have no contact direct or indirect with the Plaintiff and/or her family.

25.

On or about August 18, 2011, Plaintiff filed her complaint with Equal Employment Opportunity Commission (EEOC). On December 21, 2011, the EEOC issued to Plaintiff her right to sue letter.

26.

In retaliation for her seeking protection, Plaintiff was transferred away from her position at Walmart. In further retaliation, Plaintiff was fired via text message on January 17, 2012, while at a doctor's appointment.

27.

As a result of the incidents made subject of this complaint, Plaintiff suffered extreme emotional and mental distress and sought the treatment and counsel of a clinical professional.

**COUNT I**
**SEXUAL HARASSMENT**
**(Gray, Security Forces Walmart Employees and Walmart Stores)**

The allegations set forth in Paragraphs 1 through 27 of the Complaint are incorporated herein.

28.

Defendant Gray's actions in hitting the Plaintiff on her backside and his wholly inappropriate comments and messages to her helped to create a hostile work environment.

29.

Even after having received her reports, neither Defendant Security Forces, Defendant Milsap, Defendant Walmart Stores nor employees of Defendant Walmart stores tried to help Plaintiff.

30.

Therefore, Defendant Gray's actions were essentially countenanced by his employer Walmart Stores as well as Plaintiff's employer Security Forces, and Defendants Walmart Stores and Security Forces helped to foster a hostile work environment.

31.

Security Forces and Defendant Milsap failed to take action. Security Forces is liable for the actions of its employees.

32.

Walmart managers and Walmart failed to take action. Walmart Stores  is liable for the actions of its employees.

33.

In accordance with the law, Defendant Gray, Defendant Milsap, Defendant Security Forces, and Defendant Walmart Stores and it unidentified employees who supervised Defendant Gray are liable to the Plaintiff for hostile environment sexual harassment.

**COUNT II**
**RETALIATION**
**(Milsap and Security Forces)**

34.

The allegations set forth in Paragraphs 1 through 33 of the Complaint are incorporated herein.

35.

Plaintiff was entitled to work in a non-hostile environment and be free from sexual harassment; however, Plaintiff was not and when she advised of her working condition, she was ignored.

10

36.

Plaintiff sought remedy with the courts and with the EEOC after having been ignored by Security Forces, Walmart Stores, and their respective employees.

37.

In retaliation for making her working conditions known, Security Forces by and through its employee Defendant Milsap, transferred Plaintiff to another assignment, and then fired Plaintiff.

38.

This retaliation is illegal and impermissible and Defendant Security Forces is liable therefore.

**COUNT III**
**BATTERY**
**(Gray, Walmart Stores)**

39.

The allegations set forth in Paragraphs 1 through 38 of the Complaint are incorporated herein.

40.

Under Georgia law, any unauthorized touching, violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered.

41.

Defendant Gray committed a violent, harmful and offensive act when he hit Plaintiff on her backside and caused to her physical, emotional and mental injury.

42.

Defendant Gray was an employee of Defendant Walmart and working in that capacity when hit and caused injury to Plaintiff.

43.

Defendant Gray and Defendant Walmart are liable for such violent injury and damages.

**COUNT IV**
**ASSAULT**
**(Gray, Walmart Stores)**

44.

The allegations set forth in Paragraphs 1 through 43 of the Complaint are incorporated herein.

45.

Under Georgia law, any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered.

46.

When Plaintiff expressed to Defendant Gray that she would report his inappropriate behavior including striking her on her backside and sending inappropriate text messages, Defendant Gray pulled out his gun and said he had it "for protection" which placed Plaintiff in a reasonable apprehension of imminent harmful or offensive contact with Defendant Gray and constitutes an illegal attempt to cause violent injury to Plaintiff. This attempt caused mental and emotional suffering to Plaintiff.

47.

Defendant Gray was an employee of Defendant Walmart and working in that capacity when attempted to cause violent injury to Plaintiff.

48.

Defendant Gray and Defendant Walmart are liable for such attempted violent injury and damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Gray, Security Forces, Walmart Employees, Walmart Stores)

49.

The allegations set forth in Paragraphs 1 through 48 of the Complaint are incorporated herein.

50.

Defendant Gray intentionally caused violent contact by slapping the Plaintiff's backside as well as intentionally sending to her text messages consisting of vile images and words.

51.

Defendant Gray's behavior toward Plaintiff is impermissible and is outside the bounds of acceptable behavior in a civilized society.

52.

Defendant Gray's actions and those of Walmart and Security Forces in effectively approving of his actions caused Plaintiff extreme emotional and mental anguish for which she was forced to seek medical treatment.

53.

Defendants Gray, Walmart and Security Forces are liable to Plaintiff for her extreme emotional distress.

WHEREFORE, Plaintiff, Danielle Boyd respectfully prays that the Court grant the following relief:

(a)   Enter judgment for compensatory and punitive damages against Defendants for all claims presented herein;

(b)   Enter judgment against Defendants for Plaintiff's expenses of litigation, including attorneys fees, expert fees, and costs;

(c)   Award pre-judgment interest and post-judgment interest; and

(d)   Grant such other and further relief as this court deems just and proper.

Respectfully submitted this 1st day of March, 2012.

WINSTON A. DENMARK
Georgia State Bar No.  211751
TERI D. FIELDS
Georgia State Bar No. 259677


FINCHER DENMARK & WILLIAMS, LLC
2262 Mount Zion Road
Jonesboro, Georgia  30236
(770) 478-9950 (telephone)
(770) 471-9948 (facsimile)